# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ARROYO, | 1:11-cv-01186 DLB PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (DOCS. 8, 9) |
| JAMES TILTON, et al., | |
| Defendants. | |

## I. Background

Plaintiff Rene Arroyo ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on July 19, 2011. On March 5, 2012, the Court screened Plaintiff's complaint and finds that it states cognizable claims against Defendants Adams, Schneider, Carter, Matthews, Leon, and Hubach. Plaintiff was ordered to file an amended complaint, or to notify the Court of his intent to proceed only on the cognizable claims found in the order. On March 27, 2012, Plaintiff filed notice of his intent to proceed only on the cognizable claims. The Court issues the following order.

## II. Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly,  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

**III.     Summary Of Complaint**

Plaintiff is incarcerated at Corcoran State Prison in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names Director of CDCR James Tilton, Warden D. Adams, Officer D. Leon, Lieutenant D. Matthews, Correctional Sergeant R. Schneider, Lieutenant R. Hubach and Correctional Sergeant T. Carter as Defendants.

Plaintiff alleges that prior to February 2008, strip searches were conducted in a holding cell both before and after a prisoner attends outdoor yard exercise.  Sometime in February 2008, staff began conducting "unclothed body inspections" outside on the yard pursuant to a memo authored by Defendant Adams.

On March 15, 2008, at about 12:00 p.m., Plaintiff attended the exercise yard.  During yard recall, unit staff refused to remove Plaintiff from the yard unless he submitted to a public strip search in a filthy environment and in front of female staff.  Plaintiff told staff that he was willing to submit to an unclothed body search, but requested that it be conducted in a holding cell.  Plaintiff repeated the request many times but was "simply disregarded and left outside in cold weather until about 6:30 a.m. without eating lunch or dinner."  Complaint, at 5.

2

1    During the night, Plaintiff alleges that Defendant Hubach ordered the removal of
Plaintiff's personal and state issued property from his cell, including clothing, blankets, sheets
and hygiene products.

    At about 6:30 a.m., Plaintiff alleges Defendants Schneider and Carter repeatedly pepper-sprayed his body and face, including his eyes and penis, until he got completely naked to perform the unclothed body search.  Plaintiff alleges that this use of force was ordered and authorized by Defendants Matthews and Leon.  The search was conducted in very cold weather, while Plaintiff was full of chemicals, in plain view of a yard full of inmates and staff of the opposite sex.

    Plaintiff alleges that he was not properly decontaminated after being pepper-sprayed and received only a spray of cold water in the face from a hose.

    After, Plaintiff was placed in his cell with only a mattress.  He alleges that he was forced to spend the rest of the night completely naked, in burning pain and shivering uncontrollably as a result of the remaining chemicals.  Plaintiff had no sheets, blankets or hygiene products.  He was forced to eat his breakfast completely nude and was not provided underwear until after breakfast.  Plaintiff was given a blanket, sheets, clothing and hygiene products on the evening of March 17, 2008, when his property was returned to him.  Plaintiff's written request for medical attention was ignored and he alleges that the painful effects of the pepper spray lasted for two days.

    Plaintiff alleges that Defendants continued to conduct these public strip searches and that Corcoran has a pattern and practice of abusing prisoners and engaging in the willful violation of Plaintiff's civil and statutory rights.

    Based on these facts, Plaintiff alleges the following causes of action:

    1. Unreasonable search in violation of the Fourth Amendment against Defendant Adams;

    2. Deprivation of a liberty interest under the Fourteenth Amendment against Defendant Adams;

    3. Use of excessive force in violation of the Eighth Amendment against Defendants Schneider, Carter, Matthews and Leon based on the pepper spray incident, and against Defendant Adams based on his establishment of the public strip search policy;

    4. Inhumane conditions of confinement in violation of the Eighth Amendment against

Defendants Hubach, Matthews and Leon based on failure to decontaminate Plaintiff and requiring him to spend the night naked in his cell, and against Defendant Adams based on his establishment of the public strip search policy;

     5.  Supervisory liability pursuant to California Penal Code section 5054 against Defendant Tilton based on his failure to train, supervise and discipline;

     6.  Violation of right to privacy under the California Constitution and California Penal Code section 2600 against Defendant Adams;

     7.  Unreasonable search in violation of the California Constitution and California Penal Code section 2600 against Defendant Adams;

     8.  Use of excessive force in violation of the California Constitution against Defendants Leon, Matthews, Schneider, Carter and Adams;

     9.  Assault and battery in violation of California Penal Code sections 149, 240 and 242 against Defendants Adams, Leon, Matthews, Schneider and Carter;

     10.  Mistreatment of prisoners in violation of California Penal Code sections 2650 and 2652 against all Defendants;

     11.  Oppression in violation of California Penal Code section 147 and California Civil Code sections 3288 and 3294 against all Defendants;

     12.  Negligence against all Defendants; and

     13.  Intentional infliction of emotional distress against all Defendants.

Plaintiff requests declaratory, monetary and injunctive relief.

## IV.  Analysis

### A.  Constitutional Claims Based on Unclothed Search

#### 1.  *Fourth Amendment Claim*

Plaintiff alleges that Defendant Adams violated the Fourth Amendment by establishing a policy that subjected him to outdoor public strip searches.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ...." The right against unreasonable searches and seizures extends to incarcerated

4

1  prisoners. Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir.2010); Michenfelder v. Sumner, 860
2  F.2d 328, 332 (9th Cir.1988). "[H]owever, the reasonableness of a particular search is
3  determined by reference to the prison context." Michenfelder, 860 F.2d at 332. The
4  reasonableness of a particular search is tested by applying the balancing test set forth in Bell v.
5  Wolfish, 441 U.S. 520 (1979). Nunez, 591 F.3d at 1227. Under Bell, the Courts must consider
6  1) the scope of the particular intrusion, 2) the manner in which it is conducted, 3) the justification
7  for initiating it, and 4) the place in which it is conducted. Bell, 441 U.S. at 559.

8      The validity of the search policy is also analyzed under the standards set forth in Turner v.
9  Safley, 482 U.S. 78 (1987). See Nunez, 591 F.3d at 1227; Byrd v. Maricopa County Sheriff's
10  Dept., 565 F.3d 1205, 1220-21 (9th Cir.2009). Under Turner, a prison regulation "is valid if it is
11  reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. The four factors
12  relevant in determining the reasonableness of a prison regulation are 1) whether there is a valid,
13  rational connection between the prison regulation and the legitimate governmental interest put
14  forward to justify it; 2) whether there are alternative means of exercising the right that remain
15  open to prison inmates; 3) the impact accommodation of the asserted constitutional right will
16  have on guards and other inmates and on the allocation of prison resources generally; and 4) the
17  absence of ready alternatives. Turner, 482 U.S. at 89-91.

18      Plaintiff's challenges the search policy because it requires a search conducted in an
19  unsanitary yard and in plain view of others, including staff of the opposite sex. He also contends
20  that the policy is arbitrary and contrary to administrative rules and regulations. Plaintiff states
21  sufficient facts to state a claim for violation of the Fourth Amendment against Defendant Adams.

22

23      2.   *Fourteenth Amendment*

24      Plaintiff alleges that Defendant Adams deprived him of a liberty interest by implementing
25  a policy requiring him to be strip searched "outside, in a filthy yard and in plain view of others
26  including staff of the opposite sex." Complaint, at 8.

27      The Supreme Court has recognized, resident in the Fourteenth Amendment, a privacy
28  interest in avoiding disclosure of personal matters. Whalen v. Roe, 429 U.S. 589, 599 (1977).

5

"Shielding one's unclothed figure from the view of strangers, particularly strangers of the opposite sex is impelled by elementary self-respect and personal dignity." Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988). Therefore, under Ninth Circuit law, prisoners retain a limited right to bodily privacy. Id. Claims are analyzed using the Turner test, outlined above. Id. at 334.

The Court finds that Plaintiff states sufficient facts to state a claim for violation of the Fourteenth Amendment against Defendant Adams.

        3.    *Eighth Amendment- Excessive Force*

Plaintiff's Eighth Amendment claim is premised on the use of pepper spray by Defendants Schneider and Carter. He also alleges that Defendant Adams violated the Eighth Amendment by establishing the strip-search policy that *led* to the use of unnecessary and excessive force.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't Soc. Serv., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

"The requisite causal connection can be established . . . also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. "The critical question is whether it was reasonably. . . ." Id.

6

1    Insofar as Plaintiff attempts to state an excessive force claim against Defendant Adams,
2 he cannot do so.  Defendant Adams established the policy at issue, but the *act* of implementing
3 the policy did not, by itself, result in the use of excessive force.  In other words, his actions,
4 alone, do not support an Eighth Amendment claim.  Although "[d]irect, personal participation is
5 not necessary to establish liability for a constitutional violation," Wong v. United States, 373 F3d
6 952, 966 (9th Cir. 2004), it must be "reasonably foreseeable that the actions of the particular . . .
7 defendants would lead to the rights violations alleged to have occurred."  Id.  It cannot be said
8 that Defendant Adams, in establishing the policy, could reasonably foresee that the policy would
9 led to the use of pepper spray by Defendants Schneider and Carter.
10    Plaintiff is therefore unable to state an Eighth Amendment claim based on the use of
11 excessive force against Defendant Adams.  This claim cannot be remedied by amendment and it
12 must be dismissed.

13         4.    *Eighth Amendment- Conditions of Confinement*

14    Plaintiff's conditions of confinement claim involves two separate issues.  In addition to
15 alleging violations based on Defendants Hubach, Matthews and Leon's failure to properly
16 decontaminate him and forcing him to spend the night in his cell naked and without clothing,
17 blankets or hygiene products, he also bases a violation on the conditions he endured during a
18 search.  He alleges that Defendant Adams violated the Eighth Amendment by establishing a
19 policy that subjects Plaintiff to strip searches in a "filthy environment."  He also alleges that
20 during the winter months, he is forced to get "completely naked in the freezing cold weather,
21 being rained on and while standing in dirty puddles of water."  Complaint, at 10.
22    The Eighth Amendment protects prisoners from inhumane conditions of confinement.
23 Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[R]outine discomfort inherent in
24 the prison setting" does not rise to the level of a constitutional violation.  Johnson v. Lewis, 217
25 F.3d 726, 731 (9th Cir. 2000).  Rather, extreme deprivations are required to make out a
26 conditions of confinement claim, and only those deprivations denying the minimal civilized
27 measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment
28 violation.  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v. McMillian,

1  503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim,
2  the plaintiff must allege facts sufficient to support a claim that prison officials knew of and
3  disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847;
4  Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d
5  666, 672 (9th Cir. 2010).

6        As to Defendant Adams, while he may be causally connected to the conditions endured
7  during an outside search, Plaintiff does not allege that Defendant Adams "knew of and
8  disregarded a substantial risk of serious harm."  Plaintiff states that being naked in the freezing
9  cold weather and rain inflicted "serious pain," but he does not allege that Defendant Adams knew
10 of and disregarded a substantial risk of serious harm.  Complaint, at 7.  A prison official may be
11 held liable under the Eighth Amendment for denying humane conditions of confinement only if
12 he knows that the inmate faces a substantial risk of harm and disregards that risk by failing to
13 take reasonable measures to abate it.  Farmer, at 837-45.  Moreover, Plaintiff's facts do not
14 necessarily support a finding that the alleged deprivation is, in objective terms, "sufficiently
15 serious . . . ."  Id. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

16       **B.     Constitutional Claims Based on Use of Excessive Force**

17       When an inmate claims that officials used excessive force, in order to make out an Eighth
18 Amendment claim, the prisoner must demonstrate that officials applied force "maliciously and
19 sadistically for the very purpose of causing harm."  Whitley v. Albers, 475 U.S. 312, 320 (1986).
20 A prisoner, like Plaintiff, asserting malicious and sadistic use of force need not show that such
21 force caused an "extreme deprivation" or "serious" or "significant" pain or injury to establish a
22 cause of action.  Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).  All that is necessary is proof of
23 more than de minimis pain or injury.  Id. at 9.

24       Whether force used by prison officials was excessive is determined by inquiring if the
25 "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and
26 sadistically to cause harm."  Id. at 6-7.  The Court must look at the need for application of force;
27 the relationship between that need and the amount of force applied; the extent of the injury
28 inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by

8

prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321.

Plaintiff alleges that Defendants Schneider and Carter used excessive force when they repeatedly blasted him with cans of pepper spray all over his body, including his face and penis, for the sole purpose of getting him to submit to an outside search. He also alleges that Defendants Matthews and Leon violated the Eighth Amendment by ordering this use of force. Based on these allegations, Plaintiff states a cause of action for violation of the Eighth Amendment based on the use of excessive force against Defendants Schneider, Carter, Matthews and Leon.

### C. Constitutional Claims Based on Conditions of Confinement

Plaintiff alleges that Defendants Hubach, Matthews, and Leon violated his Eighth Amendment rights by failing to properly decontaminate him and instead placing him in his bare cell, full of chemicals. He alleges that he was forced to spend the rest of the night in his cell, completely naked, in severe pain and unable to wash off the chemicals. Plaintiff alleges that the chemicals caused his skin to burn and caused him to shiver. During this time, Plaintiff had no clothing, blankets or sheets, or hygiene items.

Based on the Eighth Amendment standards set forth above, Plaintiff states a cause of action for violation of the Eighth Amendment based on conditions of confinement against Defendants Hubach, Matthews and Leon.

### D. Violation of the California Constitution

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir.1997).

    1. *Right to Privacy*

Several courts have indicated that in the search and seizure context, the Article I,

Section 1 privacy clause of the California Constitution has not been held to establish a broader protection than that provided by the Fourth Amendment of the United States Constitution.  See, e.g., Quon v. Arch Wireless Operating Co., Inc., 529 F.3d 892, 903 (9th Cir.2008) (the privacy protected by Article I, Section 1 of the California Constitution is no broader in the area of search and seizure than the privacy protected by the Fourth Amendment) (quoting Hill v. Nat'l Collegiate Ath. Ass'n, 7 Cal.4th 1, 30 n. 9, 26 Cal.Rptr.2d 834, 865 P.2d 633 (1994)), reh'g denied, 554 F.3d 769 (2009); Sanchez v. County of San Diego, 464 F.3d 916, 943 (9th Cir. 2006) (in search and seizure context, the Article I, Section 1, privacy clause of the California Constitution has never been held to establish a broader protection than that provided by the Fourth Amendment).

As the Court has found that Plaintiff has stated a claim for violation of the Fourth Amendment, the Court will allow this claim to go forward against Defendant Adams based on his establishment of the policy at issue.

      2.    *Unreasonable Searches*

Article I, Section 13 protects against unreasonable searches and seizures.  It does not, however, provide a private cause of action for damages.  Brown v. County of Kern, 2008 WL 544565, *17 (E.D.Cal. February 26, 2008).  Plaintiff also seeks declaratory and injunctive relief, however, and the Court will therefore allow this claim to go forward against Defendant Adams based on his establishment of the policy at issue.

      3.    *Excessive Force*

Article 1, Section 17 of the California Constitution provides, in part, that "[c]ruel or unusual punishment may not be inflicted."  "Punishment" under California law has the same meaning than would apply under the Eighth Amendment.  In re Alva, 33 Cal.4th 254, 291 (2004); see e.g., Ochoa v. Superior Court, 39 Cal.3d 159, 173 (1985) (stating in dicta in a medical care claim that both the Eighth Amendment of the Federal Constitution and Article I, Section 17 of the California Constitution prohibit the infliction of cruel and unusual punishment).

However, under state law, there exists no private cause of action for damages under the state cruel and unusual punishment clause.  Giraldo v. California Dept. of Corr. and Rehab., 168

Cal. App. 4th 231, 253–56 (2008) ("there is no basis to recognize a claim for damages under article 1, section 17 of the California Constitution").

Plaintiff's state law claim for excessive force is based on the same facts as his Eighth claim. Insofar as Plaintiff seeks declaratory and injunctive relief against Defendants Leon, Matthews, Schneider and Carter, Plaintiff states a claim for relief. The claim against Defendant Adams fails, however, because it lacks the requisite causal connection, as explained previously. The claim against Defendant Adams cannot be remedied by amendment and must be dismissed.

### E. Violation of California Penal Code

Plaintiff's causes of action for supervisory liability, assault and battery, mistreatment of prisoners and oppression are based solely on violations of the California Penal Code. Specifically, he cites section 5054 in support of his supervisory liability claim against Defendant Tilton, sections 149, 240 and 242 in support of his assault and battery claim, section 147 in support of his oppression claim, and 2650 and 2652 in support of his mistreatment of prisoners claim.

A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The Court has reviewed the penal statutes in question and there is no indication that civil enforcement of any kind is available to Plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984).

Accordingly, Plaintiff fails to state any claims upon which relief may be granted under state law based on the alleged violations of the California Penal Code and his claims for supervisory liability, assault and battery, mistreatment of prisoners and oppression[1] must be dismissed. These claims cannot be remedied by amendment and must be dismissed.

---

[1] Plaintiff also cites California Civil Code sections 3288 and 3294 in support of his cause of action for oppression. These sections, however, relate to damages in a civil trial and are irrelevant to his allegations. To the extent Plaintiff intended to cite Title 15 of the California Code of Regulations, there is no private right of action under the regulations governing the conduct of prison employees.

11

**F.      Negligence and Intentional Infliction of Emotional Distress**

      1.      *Negligence*

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994 (2008) (internal quotations omitted)).

Plaintiff alleges that Defendants were "negligent in their official and legal duties which resulted in multiple physical and psychological injuries upon Plaintiff." Complaint, at 13. Plaintiff alleges that Defendants had a legal duty to comply with the California Code of Regulations and Penal Code sections governing the operation of Corcoran and treatment of prisoners. He alleges that Defendants breached this duty, resulting in harm to Plaintiff.

Plaintiff's allegations, however, are not supported with any facts. Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's claim for negligence is conclusory and therefore does not meet the requirements of Rule 8.

      2.      *Emotional Distress*

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle v. United States, 567 F.3d 554, 855 (9th Cir. 2007); Simo v.

12

Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622.

Plaintiff contends that Defendants "negligently and intentionally inflicted emotional distress upon Plaintiff through their unlawful, despicable and outrageous conduct as described in all of Plaintiff's causes of action." Without specifically describing the acts that he complains of, however, the Court cannot determine whether the elements of the cause of action are satisfied. Plaintiff cannot simply refer to all facts contained in his complaint.

Plaintiff's intentional infliction of emotional distress claim is insufficient to meet the requirements of Rule 8.

### G.    Defendant Tilton

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 129 S.Ct 1937 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Therefore, to state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor, 880 F.2d at 1045.

This Court has disposed of Plaintiff's supervisory liability claim against Defendant Tilton based on California Penal Code section 5054, the only cause of action in which he was specifically named. To the extent that Plaintiff intends to name Defendant Tilton if he amends,

he should only do so if these requirements can be met.

## V.     Conclusion And Order

Plaintiff has stated the following cognizable claims: (1) violation of the Fourth Amendment against Defendant Adams; (2) violation of the Fourteenth Amendment against Defendant Adams; (3) violation of the Eighth Amendment base on the use of excessive force against Defendants Schneider, Carter, Matthews and Leon; (4) violation of the Eighth Amendment based on conditions of confinement against Defendants Hubach, Matthews and Leon; (5) violation of the right to privacy under the California Constitution against Defendant Adams; (6) unreasonable search in violation of Article I, Section 13 of the California Constitution against Defendant Adams; and (7) use of excessive force in violation of Article I, Section 17 of the California Constitution against Defendants Schneider, Carter, Matthews and Leon.  Plaintiff fails to state any other claims against any other Defendants.  Plaintiff declined the opportunity to amend his complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action proceed against Defendants Adams, Schneider, Carter, Matthews, Leon and Hubach for the claims listed above; and
2. All other claims and all other Defendants are dismissed from this action with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 27, 2012**              /s/ **Dennis L. Beck**
                                                                   UNITED STATES MAGISTRATE JUDGE