1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ARROYO,<br><br>            Plaintiff,<br><br>   vs.<br><br>D. ADAMS et al.,<br><br>            Defendants. | ) 1:11-cv-01186-AWI-DLB (PC)<br>)<br>)<br>) ORDER GRANTING IN PART AND<br>) DENYING IN PART PLAINTIFF'S<br>) MOTIONS TO COMPEL<br>)<br>)<br>) ORDER STAYING DEFENDANTS'<br>) MOTION FOR SUMMARY JUDGMENT<br>)<br>(ECF Nos. 30, 32, 33, 35, 51, & 54) |

## I.    PROCEDURAL HISTORY

Plaintiff Rene Arroyo ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff is proceeding on his original complaint, filed, July 19, 2011.

Pursuant to the Court's March 5, 2012, order, this action is proceeding on the following cognizable claims: (1) violation of the Fourth Amendment against Defendant Adams; (2) violation of the Fourteenth Amendment against Defendant Adams; (3) violation of the Eighth Amendment base on the use of excessive force against Defendants Schneider, Carter, Matthews and Leon; (4) violation of the Eighth Amendment based on conditions of confinement against Defendants Hubach, Matthews and Leon; (5) violation of the right to privacy under the California Constitution against Defendant Adams; (6) unreasonable search in violation of Article

1

1   I, Section 13 of the California Constitution against Defendant Adams; and (7) use of excessive

2   force in violation of Article I, Section 17 of the California Constitution against Defendants

3   Schneider, Carter, Matthews and Leon. The discovery cut-off date was May 10, 2013.

4            On March 1 , 2013, Plaintiff filed a motion to compel further responses to requests for

5   admissions ("RFAs"), Set 1. (ECF No. 30.) On March 11, 2013, Plaintiff filed three separate

6   motions to compel further disclosure to Plaintiff's demand for the production of documents

7   ("PODs"). (ECF Nos. 32, 33, 34.) On March 12, 2013, Plaintiff filed a motion to compel further

8   responses to RFAs, Set 2. Defendants opposed the motions on August 26, 2013.[1] On September

9   30, 2013, Plaintiff filed a reply. (ECF No. 50.)   The motions are now deemed submitted

10  pursuant to Local Rule 230(*l*).

11

12  **II.      MOTION TO COMPEL LEGAL STANDARD**

13           "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the

14  claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the

15  discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.

16  R. Civ. P. 26(b)(1).  Defendants are required to "furnish such information as is available" to him

17  in responding to Plaintiff's interrogatories, and documents which are in his "possession, custody

18  or control" in responding to Plaintiff's request for the production of documents.  Fed. R. Civ. P.

19  33(a), 34(a).  If Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden

20  to demonstrate why the objection is not justified.  Plaintiff must inform the court which

21  discovery requests are the subject of his motion to compel, and, for each disputed response,

22  inform the Court why the information sought is relevant and why Defendant's objections are not

23  justified.

24  ///

25  ///

26

27  _____

28  [1] Contrary to the Court's previous order, Defendants failed to oppose Plaintiff's motion for further responses to Plaintiff's RFAs, Set 2, filed on March 28. 2013.  (ECF No. 36.)  As such, the Court will not address this motion and will order Defendants to oppose the motion.

2

III.     **DISCUSSION**

   A.  **Plaintiff's Request for Admissions**

   1. **Legal Standard**

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice, *e.g.*, *Thompson v. Yates*, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); *Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc.*, No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); *Palladini v. City of Milpitas*, No. CV 06-00779 JW (HRL), 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008); *Medina v. U.P.S.*, No. C-06-791 JW PVT, 2007 WL 2123699, at *2 (N.D. Cal. Jul. 23, 2007); *Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla*, No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection," Fed. R. Civ. P. 36(a)(6).  "Unless the court finds an objection justified, it must order

3

that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served."  *Id.* Efforts to obstruct discovery through objections or evasive responses which lack any good faith basis will not be condoned.  *Marchand v. Mercy Med. Cntr.*, 22 F.3d 933, 938 (9th Cir. 1994); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011); *Mitchell*, 2010 WL 3835765, at *1.

**2.      Plaintiff's Request for Admissions—Set 1**

Plaintiff seeks further responses from Defendants Leon to Request for Admissions, Set One, Requests No. 8, 9, 13, 28-44, 46-48, 73-74, 77-83, 85, 89, and 92.  Plaintiff seeks further responses from Defendant Hubach, Carter, Schneider, and Mathews as to Requests No. 8, 9, 13, 27-54, 73-74, 77-81, 82, 83, 85, 89, and 92.  Plaintiff argues Defendants' objections are not complete and straightforward answers, or that they are not answered in one of three ways. Defendants argue that they properly responded to these requests for admissions by admitting, denying, or objecting, and that Plaintiff fails to state his specific objections to the disputed responses.

**RFA 8:** "Admit or deny on or about March 5, 2008 thru[sic] march 17, 2008 you were familiar with both state and federal law prohibiting unreasonable searches and seizures."

**Response:** Defendants objected that this request is vague, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants further respond that their objections are well taken because there are no such claims against these Defendants.

**Ruling:** Plaintiff's motion to compel an amended answer is granted.

Defendants' contention that that the request is vague immaterial, and not reasonable calculated to lead to the discovery of admissibile evidence lacks merit.  Moreover, the fact that

4

there are no such claims for unreasonable searches and seizures against these particular defendants is insignificant.  Plaintiff is proceeding against Defendant Adams for both state and federal claims of unreasonable searches and "[p]arties may obtain discovery regarding any party's claim or defense . . ." Fed. R. Civ. P.l 26(b)(1).

**RFA 9:** "Admit or deny that you are capable to determine the difference between reasonable and unreasonable searches and siezures being enforced."

**Response:** Defendants' response is identical to that of the RFA 8, above.

**Ruling:** Plaintiff's motion to compel an amended answer is granted.

**RFA 13:** "Admit or deny on or about March 15, 2008 thru[sic] March 17, 2008 you were and still are familiar with the Rules and Regulations of the C.C.R. 15 § 3052(a)(b)(c)(d)(e)(f)(g)(h) Health and Safety Standards."

**Response:** Defendants objected that the request is immaterial to the matters at issue, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as the cited sections refer to kitchens and food handling.

**Ruling:** Plaintiff's motion to compel an amended answer is denied.

Defendants properly objected to this RFA.  Plaintiff only claim relating to food is that was denied food on March 15, 2008.  Thus, knowledge of prison kitchens and food handlings is immaterial to the matters at issue, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**RFAs 28-40:** Plaintiff requests admissions based on defendant' knowledge of the California Penal Code on issues regarding filing false reports, false statements under oath, offering altered or forged documents, falsifying documents to be used as evidence, destroying or concealing evidence, planting, altering or concealing physical evidence, inhumane treatment or

5

oppression of a prisoner, falsely reporting a crime, altering entries in books and records, cruel and unusual punishment under the California Penal Code, civil rights and enumerations of rights, and Article 13 of the California Constitution.

**Response:** Defendants objects to Plaintiff's requests numbered 28 through 40 on the grounds that they are irrelevant to the matters at issue, requests based on claims that were dismissed pursuant to the screening order, and are not reasonably calculated to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's motion to compel an amended answer is denied.

Plaintiff has failed to meet his burden to inform the Court why the information sought is relevant and why Defendant's objections are not justified.  Plaintiff's motion to compel simply states that the requests are relevant and gives no further explanation.  Moreover, the Court finds that Plaintiff's requests are irrelevant because the claims for violations of the California Penal Code were dismissed in the Court's screening order.

**RFAs 42-44:** Plaintiff requests admissions regarding whether Defendants' have had previous 602 inmate complaints filed against them for misconduct.

**Response:** Defendants objected on the grounds that they are vague as to time, overly broad, immaterial to the matters at issue, irrelevant, and not reasonably calculated to lead to the discovery of evidence.

**Ruling:** Plaintiff's motion to compel an amended answer is partially granted.

Plaintiff's requests are overbroad in that the fails to state a time period for the admissions requested.  However, the information requested would be relevant to Plaintiff's claims. Accordingly, the Court will modify Plaintiff's requests.  Defendants are to amend their reponses

to reflect 602 inmate complaints filed against them   specifically for excessive force against prisoners or unreasonable searches for during the time period of March 1, 2007 to Mach 1, 2009.

**RFAs 46-48:** Plaintiff seeks information regarding any lawsuits filed against defendants for employee misconduct, excessive force against prisoners, and unreasonable unclothed body searches and/or strip searches.

**Reponse:** Defendants objected that these requests are vague as to time and type of alleged lawsuit, are overly broad, are immaterial to the matters at issue, and are not reasonably calculated to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff's request for furher admission is partially granted.

Plaintiff's request for all civil rights causes of action cases is overly broad.  Additionally, the Court is aware that a defendant may not be aware that a suit has been filed against them in Federal Court.  In a federal prisoner civil rights action, the defendant is not served until after the complaint is screened and cognizable claims are found.  Accordingly, the Court will order that Defendants respond to the request by providing the information requested on all cases alleging excessive force and/or unreasonable searches and seizures in which they have been served as a defendant.

**RFAs 49-54:** Plaintiff seeks to compel Defendants Hubach, Carter, Scheider, and Matthews to give further responses regarding CDCR policy and practice.

**Response:** Defendants reply that they properly resonded to each request and that no further response is indicated.

**Ruling:** Plaintiff's request for further admission is denied.  Defendants responded to Plaintiff's requests and he must accept their answers.

**RFAs 73-74:** Plaintiff seeks to compel further responses regarding the custom, practice, or procedure at CSP for conducing an unclothed body search.

**Response:** Defendants objected that the requests are not a plain statement of fact and that they are compound.

**Ruling:** Plaintiff's request for further admission is granted.

Although Plaintiff's requests are lengthy, they are not compound because they are simply asking whether the described actions reflect CSP's policy regarding unclothed body searches. Defendants may qualify their answer, if necessary, and deny or admit only part of the response. Fed. R. Civ. P. 36(a)(4).

**RFAs 77-81:** Plaintiff seeks to compel further admission regarding CSP policy and procedure on unclothed body searches in the view of female officers.

**Response:** Defendants objected to each request as repetitive, vague, and overlybroad. Without waiving objections, Defendants answered the requests to the extent they could and denied the remainder of the requests.

**Ruling:** Plaintiff's request for further admission is denied.  Defendants responded to Plaintiff's requests and he must accept their answers.

**RFAs 82-83:** Plaintiff seeks further admission regarding "female pedestrian civilians" who work in "these facility buildings."

**Response:** Defendants objected on the grounds that tthse two terms are vague and ambiguous, and that without further information, they could not answer the questions as framed.

**Ruling:** Plaintiff's request for further admissions is denied.

Plaintiff's requests are vague as to the terms "female pedestrian civilian" and "these facility buildings."   The Court is unable to determine the nature of Plaintiff's request and they are therefore denied as vague.

**RFA 85:** "Admit or nedy that on or prior to March 15, 2008 the 4B yard recreation cages were in plain view of the entire 4B yard facility."

**Response:** Defendants objected that the request was vague as to which recreation modules and then responded that some of the modules rae visible, some are not visible, and that most of the modules are not completely visible.

**Ruling:** Plaintiff's request for further admission is denied.   Defendants responded to Plaintiff's requests and he must accept their answers.

**RFA 92:** Plaintiff requests further admission regarding Defendants familiarity with California Penal Code section 5421(b), "designation and compensation of woman to have charge of female prisoners-entry into cell of prisoners and opposite sex."

**Response:** Defendants objected on the grounds that Plaintiff's request is unintelligible and that they could not admit or deny the request because they could not determine what was being asked.

**Ruling:** Plaintiff's request for further admission is denied.

As previously discussed, claims regarding penal code violations were previously dismissed from this action and are not relevant to the claims proceeding.

**B.**      **Request for Production of Documents**

**1.**      **Legal Standard**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the

9

following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149.

## 2.      Set 1

Plaintiff moves to compel Defendants to produce documents responsive to requests 1, 3-8, and 12-15.

**POD 1:** "All documents that refer to allegations of misconduct or other improper conduct by prison staff involving all named defendants, whether such allegations were made by an inmate or by a member of the prison staff, during relevant time period, per Departmental

10

Operations Manual (D.O.M. § 54100.25.5, § 54100.25.6, §54100.25.7; also pursuant to P.C. 832.5(a); Evidence Code §§ 1043-1046, Fed.R.Civ.P. Rule 34."

**Response:** Defendants objected on the grounds that the request was vague as to what type of misconduct or imporper conduct, vague ast to relelvant time period, overly broad, is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence, unduly burdensome and oppressive because the amount of work required substantially outweights any benefit, and that the request violates California Penal Code of Regulations, title 15, section 3321.

**Ruling:** Plaintiff's motion to compel is granted in part.

Other than the limited exception discussed below, Plaintiff has not demonstrated how this information is relevant. Plaintiff is proceeding on claims for excessive force, in violation of the Eighth Amendment, an unreasonable search, in violation of the Fourth Amendment, and related state law claims. Plaintiff's request is overbroad as to time frame and type of conduct and/or disciplinary action, but notwithstanding those deficiencies, the relevance of Defendants' general conduct and/or disciplinary histories is unclear given the nature of Plaintiff's legal claim. Defendants are ordered to produce documents related to excessive force or unreasonable searches by defendants during the releavant time period of March 1, 2007 to Mach 1, 2009.

**POD 3-4:** Plaintiff requests the "excessive use of force tape conducted by the sergeant" from March 15, 2008 through March 17, 2008 and any videotapes interviews of prisoners that were involved or witnessed the incident.

**Response:** Defendants objected on the grounds that under state law they cannot provide information regarding other inmates to a prisoner. Defendants contend that Plaintiff had an opportunity to view his own extraction video, and that should the matter proceded to trial, a copy of the video will be available for his use at trial.

**Ruling:** The Court grants Plaintiff's motion to compel, in part.

Plaintiff has not met his burden to show the relevance of other prisoner's extraction videos or prisoner interviews related to other inmates' cell extractions. Defendants are ordered

to produce any prisoner video interviews related to witnessing Plaintiff's cell extraction. Plaintiff was able to review his extraction video and should this matter proceed to trial, Defendants must provide Plaintiff with a copy of the video.

**POD 5-6:** Plaintiff requests documents related to CDCR and Corcoran State Prison use of force policy and procedure for the relevant time period of January 2005 through January 2009.

**Response:** Defendants objected on the grounds that the requests are vague as to time and what types of force and on the grounds that the documents are deemed confidential by CDCR because their release would threatened the safety and security of the institution.   Without waiving objections, Defendants produced portions of the Caliornia Code of Regulations, title 15, related to security, disorder and emergencies, and operational prodcedure discussing yard recall and the use of force.

**Ruling:** Boiler plate assertions of privilege will not suffice to assert a privilege, however failure to produce a privilege log within the time line required to respond to the request for production does not waive the privilege. *Burlington Northern & Santa Fe Ry. Co.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Additionally, the District Court has wide latitude in controlling discovery. *In re State of Arizona*, 528 F.3d 652, 655 (9th Cir. 2008); *Burlington Northern*, 408 F.3d at 1147.  While Plaintiff argues that the documents requested are clearly not privileged, the Court is mindful of the fact that some of the documents responsive to this request may in fact contain information that, if turned over to an inmate, could seriously jeopardize the safety and security of both inmates and personnel within the institution.   Not wanting any untoward consequences to result from procedural ineptitude and, realizing the shared interests that arise since Defendants are CDCR employees, CDCR and Defendants are ordered to work together to locate documents responsive to Plaintiff's request.   They shall redact any confidential information.  Plaintiff's request is vague and over broad as he fails to specify a relevant time period.  Defendants are ordered to produce any responsive documents that were in effect in March 2008.

**POD 7-8:** Plailntiff seeks documents from Plaintiff's 114A1 folder, the isolation segregation record, and 114.A1 folder, the inmate segregation profile.

**Response:** Defendants objected on the grounds that it was vague as to time, institution, and facility, is overly broad, immaterial to the matters at issue, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waitving objections, Defendants responded that the documents are contained in Plaintiff's central file, which is available for inspection and copying pursuant to institutional policies and procedures.

**Ruling:** These documents appear to be relevant and reasonably calculated to lead to the discovery of admissible evidence.  However, Plaintiff's request is overly broad as it goes beyond the time of the alleged deprivations contained in the complaint.  Accordingly, the Court will narrow the request. Defendants are ordered to produce any responsive documents, relating to Plaintiff, created from March 1, 2008 to March 31, 2008.

**POD 12-13:** Plaintiff seeks documents and/or photographs that refer or relate to the use of force incident against Plaintiff for the relevant time period of March 15, 2008 through March 17, 2008.

**Response:** Defendants object on the grounds that documents responsive to this request, if they exist, are maintained in Plaintiff's central file and are available to him pursuant to institutional policies and procedures.  Defendants also objected on the grounds that information regarding other inmates is prevleged under state law.  Without waiving objections, Defendants reiterate that a video of Plaintiff's cell extractin will be made available for Plaintiff to view.

**Ruling:** Plaintiff's request for the production of documents is granted, in part.

As discussed in detail above, Defendants' mere assertion of privledge is not a sufficient objection to Plaintiff's request.  Documents and photographs related to the use of force against Plaintiff during the time period of March 15, 2008 to March 17, 2008 are clearly relevant to this action.  Defendants are ordered to produce

**POD 14:** Plaintiff requests videotape interiviews of prisoners accusing defendants of excessive use of force assault, and/or battery.

**Response:** Defendants objected on the grounds that Plaintiff's request is vague as to what type of force, vague as to time, overly, broad, is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence, unduly burdenson, and violates California Code of Regulations, title 15, section 3321.

**Ruling:** Plaintiff's motion to compel is denied.  Videotapes of other prisoners are not relevant to Plaintiff's claims.

**POD 15:** Plaintiff seeks "all recommendation records/reports by either the Assistant Warden, Warden, or Facility Captain, of all prisoner interviews of excessive uses of force arising from any Defendants' actions, including, but not limited to the 'Report of findings, per to Evidence Codes §§§ 1271, 155.1., 1553, 1562, Fed.R.Civ.P. Rule 34.'"

**Response:** Defendants objected on the grounds that it is vague as to what type of report, what type of force, ast to time, is overly broad, is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence, unduly burdensome and oppressive, and violates California Regulations, title 15, section 3321

**Ruling:** Plaintiff's motion to compel is granted, in part.

Although Plaintiff's request is overly broad, the Court will narrow Plaintiff's request. Defendants are ordered to produce responsive documents during the relevant time period of March 1, 2007 to March 1, 2009.

### 3.      Sets 2 and 3

Plaintiff seeks to compel production of documents to his requests numbers 16-33 and 35-40 from set two.  Plaintiff seeks to compel production of documents to his requests numbers 41-63 from set three.  Plaintiff states that although Defendants have indicated that the documents requested are not in their possession, custody, or control, they are nonetheless required to obtain the documents and provide them to Plaintiff.

In responding to discovery requests, Defendants must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required, however. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in *Allen v. Woodford*, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand. Legal right is evaluated in the context of the facts of each case. The determination of control is often fact specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. This position of control is usually the result of statute, affiliation or employment. Control may be established by the existence of a principal-agent relationship.

Here, Defendants attempt to avoid production by contending that they are not in possession, custody or control of the requested documents. The specific facts of this action, however, render such an objection unfounded. By virtue of their employment with non-party CDCR, individual Defendants are represented by the Attorney General's Office. It is this Court's experience that either individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. If this is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced. *See,*

15

*eg., Mitchell v. Adams,* 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); *see also Gray v. Faulkner*, 148 F.R.D. 220, 223-224 (N.D. Ind.1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.")

If Defendant chooses to stand on this objection, he must provide factual support for the assertion that, in spite of his relationship to CDCR, he does not have possession, custody or control of the requested documents.  Defendant should also be mindful of the fact that he will be precluded from using the requested documents, or any documents of this kind, as evidence in support of summary judgment, in opposition to any of Plaintiff's positions, and in any way during trial.  Fed. R. Civ. P. 37(c)(1).  Should Defendant stand on this objection and subsequently seek to use the requested documents or like documents, he must, at minimum, supplement his responses, and explain the method by which he obtained the documents.  Most importantly, he will also be required to demonstrate that the prior objection was taken in good faith given that he now has and seeks to use the requested documents.  Fed. R. Civ. P. 26(e)(1).

Accordingly, the Court GRANTS  Plaintiff's motion to compel production of documents to Sets two and three.  Defendants are ordered to provide either the documents requested or further responses withing thirty (30) days from the date of service of this order.

## VI.   SANCTIONS

Plaintiff seeks sanctions for his motions to compel under Federal Rule of Civil Procedure 37.  Rule 37(a)(4) permits plaintiff to seek an award of reasonable expenses incurred in filing his motion, if his motion is granted in whole or in part, or if the discovery sought is served after the

motion is filed.  Fed. R. Civ. P. 37(a)(4).  The court may decline to award such expenses where the movant failed to make a good faith effort to resolve the dispute without court intervention, where the opposing party's position was substantially justified, or where other circumstances make the award unjust.  Id.  Rule 37(d) permits plaintiff to seek sanctions for the complete failure to respond to interrogatories and requests for the production of documents.  Fed. R. Civ. P. 37(d).  Such a motion must be accompanied by a certification that the movant made a good faith effort to resolve the dispute without court intervention.  Id.

With respect to Rule 37(a)(4), plaintiff's motion to compel was granted in part but it was also denied in part.  As a result, and given that plaintiff is proceeding pro se, the expenses incurred by defendants in opposing the motion undoubtably outweigh the expenses incurred by plaintiff in filing the motions to compel.  Accordingly, the Court denies Plaintiff's motions for sanctions.

## V.   CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion to compel further responses to requests for admissions, filed March 1, 2013, is granted in part and denied in part as follows:

      a.      Plaintiff's RFAs  8, 9, 42-44, 46-48, and 73-74,  Set 1, are granted;

      b.      Plaintiff's RFAs 13, 28-40, 49-54, 77-81, 82-83, 85, and 92 are DENIED;

      c.      Defendants shall respond further to the RFAs withiht thirty (30) days from the date of service of this order;

2.      Plaintiff's motion to compel production of documents, Set 1, is granted in part, subject to the Court's narrowing of Plaintiff's requests above, and denied in part as follows,:

      a.      Plaintiff's PODs 1,  3-4, 5-6, 7-8, 12-13, and 15 are GRANTED;

      b.      Plaintiff's POD 14,  is DENIED;

      c.      Defendants are ordered to provide either the documents requested or further responses withing thirty (30) days from the date of service of this order;

3.      Plailntiff's motions to compel production of documents, Sets 2 and 3, are GRANTED.   Defendants are ordered to provide either the documents requested or further responses withing thirty (30) days from the date of service of this order;

4.      Plaintiff's motions for sanctions under Federal Rule of Civil Procedure 37 is DENIED;

5.      Defendants are ordered to oppose Plaintiff's motion to compel further responses to Plaintiff's request for admissions, Set 2 (ECF No. 36), within twenty-one (21) days from the date of service of this order;

6.      Plaintiff's motion to stay the summary judgment proceeding, filed September 30, 2013, is GRANTED.   Defendant's motion for summary judgment is stayed pending the resolution of discovery matters; and

7.      Defendants' motion to supplement their motion for summary judgment, filed October 10, 2013, is GRANTED.


IT IS SO ORDERED.

Dated:    **January 10, 2014**                      /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE

18