# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ARROYO,<br><br>           Plaintiff,<br><br>    vs.<br><br>D. ADAMS et al.,<br><br>          Defendants. | ) 1:11-cv-01186-AWI-DLB (PC)<br>)<br>)<br>) ORDER GRANTING IN PART AND<br>) DENYING IN PART PLAINTIFF'S<br>) MOTIONS TO COMPEL<br>)<br>)<br>) (ECF No. 36)<br>) |

## I.     PROCEDURAL HISTORY

Plaintiff Rene Arroyo ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff is proceeding on his original complaint, filed, July 19, 2011.

Pursuant to the Court's March 5, 2012, order, this action is proceeding on the following cognizable claims: (1) violation of the Fourth Amendment against Defendant Adams; (2) violation of the Fourteenth Amendment against Defendant Adams; (3) violation of the Eighth Amendment base on the use of excessive force against Defendants Schneider, Carter, Matthews and Leon; (4) violation of the Eighth Amendment based on conditions of confinement against Defendants Hubach, Matthews and Leon; (5) violation of the right to privacy under the California Constitution against Defendant Adams; (6) unreasonable search in violation of Article I, Section 13 of the California Constitution against Defendant Adams; and (7) use of excessive

1

force in violation of Article I, Section 17 of the California Constitution against Defendants Schneider, Carter, Matthews and Leon. The discovery cut-off date was May 10, 2013.

On March 28, 2013, Plaintiff filed a motion to compel further responses to requests for admissions ("RFAs"), Set 2.  (ECF No. 36.)  On January 10, 2014, the Court ordered Defendants to oppose the motion.  (ECF No. 56 at 2.)  Defendants opposed the motion on February 27, 2014. (ECF No. 59.)   The motion is now deemed submitted pursuant to Local Rule 230(*l*).

## II.   MOTION TO COMPEL LEGAL STANDARD

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Defendants are required to "furnish such information as is available" to him in responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or control" in responding to Plaintiff's request for the production of documents.  Fed. R. Civ. P. 33(a), 34(a).  If Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden to demonstrate why the objection is not justified.  Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified.

## III.   DISCUSSION

### A.  Plaintiff's Request for Admissions

#### 1.     Legal Standard

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).

2

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice, *e.g.*, *Thompson v. Yates*, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); *Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc.*, No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); *Palladini v. City of Milpitas*, No. CV 06-00779 JW (HRL), 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008); *Medina v. U.P.S.*, No. C-06-791 JW PVT, 2007 WL 2123699, at *2 (N.D. Cal. Jul. 23, 2007); *Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla*, No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection," Fed. R. Civ. P. 36(a)(6).  "Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served."  *Id.* Efforts to obstruct discovery through objections or evasive responses which lack any good faith basis will not be condoned.  *Marchand v. Mercy Med. Cntr.*, 22 F.3d 933, 938 (9th Cir. 1994); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011); *Mitchell*, 2010 WL 3835765, at *1.

///

3

**2.      Plaintiff's Request for Admissions—Defendant Leon**

**RFA 95:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 you authorized the use of force to extract Plaintiff from out of yard module YD4-01."

**Response:** Responding party did not specifically authorized force to extract Plaintiff. Responding party to authorize use of force to gain compliance with lawful orders on those inmates who were holding the exercise modules hostage. Except as admited the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 96:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 you were present at the time Plaintiff was being extracted from out of yard module YD4-01."

**Response:** Responding party objects to this request on the grounds that is it vague as to the term "present," is immaterial to the matters at issue, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, I was present on the yard during some of the cell extractions that took place on those dates. Except as admitted, the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 100:** "Admit or deny on or about the months of Dec. 2008 thru March 2008, the weather for the county of Kings/Corcorarn California range from the low 30's to 50 degrees during the day time."

**Response:** Responding party objects to his request on the grounds that it is overly broad, overly burdensome, immaterial to the matters at issue, irrelvant and not reasonably calculated to the discovery of admissible evidence. Without waiving said objections, Responding party is

4

without sufficient infoimation or belief to form a basis to either, admit or deny this request, and on  that basis the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 103:** "Admit or deny in the winter month of March 2008 the temperatures fall to the low 20's thru teens in degree' during nightfall and the wee hours in the morning."

**Response:** Responding party cannot answer this reqeust as propounded. The winter months are generally considered to be December, January and February. Based on the particular day, March can be considered as spring.

**Ruling:** Plaintiff's request for further admission is denied.  Defendants responded to Plaintiff's requests and he must accept their answers.

**RFA 104:** "Admit or deny that on or about March 15, 2008 thru March 17, 2008 Plaintiff was forced to submit to an unclothed body search in an outside open area in front of spectators, after he had been sprayed multiple times with O.C. pepper spray by Defendants R. Schneider and T. Carter."

**Response**: Responding party objects to this request on the grounds that it is vague as to the term "spectator," is compound, and is not a plain statement of fact that can be easily admitted or denied. On that basis, the request is denied.

**Ruling:** Plaintiff's request for further admission is granted.  The Court finds that this request can easily be admitted or denied and that the term spectator is not vague.  Defendant may qualify his response, if necessary.

**RFA 105:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was released to recreation yard on March 15, 2008 at 12 p.m. and was left out there on the recreation module YD4-01 until March 16, 2008."

**Response:** Responding party objects to this request on the grounds that it lacks foundation, presumes as true facts that have not been established as true, is not a plain statement of fact that can be easily admitted or denied, and is argumentative, Without waiving said objections, Plaintiff was released to the yard on March 15, 2008, and through his own actions in taking his exercise module hostage and failing to comply with lawful orders, Plaintiff had to be extracted from the module, Plaintiff was taken in the order in which the officers arrived at his exercise module, which was the early morning of March 16, 2008. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 107:** "Admit or deny Plaintiff was left outside locked in yard module YD4-01 overnight from March 15, 2008 thru March 16, 2008."

**Response:** Responding party objects to this request on the grounds that it lacks foundation, presumes as true facts that have not been established as true, is not a plain statement of fact that can easily be admitted or denied, and is argumentative.  Without waiving said objections, Plaintiff was released to the yard on March 15, 2008, and his own actions in taking his exercise module hostage and failing to comply with lawful orders, Plaintiff had to be extracted from the module.  Plaintiff was taken in the order in which the officers arrived at his exercise module, which was the early morning of March 16, 2008. Except as admitted the reqest is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 109:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 you were made aware and had knowledge of your subordinates refusal to remove Plaintiff from yard

module YD4-01 after he requested to be striped searched inside the housing unit's holding cell(s)."

**Response:** Responding party objects to this request on the grounds that it lacks foundation, presumes as true facts that have not been established as true, is not a plain statement of fact that can be easily admitted or denied, and is argumentative. Without waiving said objections, Plaintiff, through his own actions in taking his exercise module hostage and failing to comply with lawful orders, Plaintiff had to be extracted from the module. Plaintiff was taken in the order in which the officers arrived at his exercise module, which was the early morning of March 16, 2008. Except as admitted the requesl is denied.

**Ruling:** Plaintiff's motion to compel is denied. The response is sufficient.

**RFA 112:** "Admit or deny on or about March 15, 2008 thru March 17, 2008, Plaintiff was decontaminated with a garden water hose, running cold water over his face."

**Response**: Responding party objects to this request on the grounds that it is compound, and is not a plain statement of fact that can be easily admitted or denied, Without waiving said objections, Plaintiff was decontaminated from the effects of pepper spray through a combination of exposure to fresh air and the use of a hose to rinse off the pepper spray.

**Ruling:** Plaintiff's motion to compel is denied. The response is sufficient.

**RFA 113:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was decontaminated in the housing unit shower(s), on March 16, 2008."

**Response:** Responding party lacks information and belief to form the basis to either admit or deny this request, and on that basis the request is denied.

**Ruling:** Plaintiff's motion to compel is denied. The response is sufficient.

**RFA 114:** "Admit or deny Plaintiff was left outside locked in yard module YD4-01 overnight from March 15, 2008 thru March 16, 2008."

**Response:** Responding party objects to this request on the grounds that it lacks foundation, presumes as true facts that have not been established as true, is not a plain statement of fact that can easily be admitted or denied, and is argumentative.   Without waiving said objections, Plaintiff was released to the yard on March 15, 2008, and his own actions in taking his exercise module hostage and failing to comply with lawful orders, Plaintiff had to be extracted from the module.   Plaintiff was taken in the order in which the officers arrived at his exercise module, which was the early morning of March 16, 2008. Except as admitted the reqest is denied.

**Ruling:** Plaintiff's motion to compel is denied.   The response is sufficient.

**RFA 117:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was observed by you as exhibiting aggressive and/or destructive behavior before and/or prior to being sprayed with O.C. pepper spray."

**Response:** Responding party objects to this request on the grounds that it is compound, and is not a plain statement of fact that can be easily admitted or denied. Responding party cannot respond to the request as written.

**Ruling:** Plaintiff's motion to compel is granted.   Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**RFA 118:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff's medical file was consulted by the on site chief medical officer before he was sprayed with O.C. pepper spray by you."

**Response:** Responding party objects to this request on the grounds that it calls for speculation. Without waiving said objection, responding party has no personal knowledge of the information requested, and on that basis the request is denied.

**Ruling:** Plaintiff's request for further admission is denied.  Defendants responded to Plaintiff's requests and he must accept their answers.

**RFA 120:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 the following prisoners were occupying the adjoining yard modules at the time Plaintiff was sprayed with O.C pepper spray by you: Castenada #K95502 yard module YD4-02; Galindo #T73635 yard module YD4-04; Perez #J51800 yard module YD4-14; Gonzales #J50640 and Gonzales J39297 yard module YD04-15; and Valenzuelal #T43669 and Patino #E75464 yard module YD4-16."

**Response:** Responding party objects to this request on the grounds that it is immaterial to the matters at issue, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and seeks information on other inmates which is deemed privileged under state law.

**Ruling** Plaintiff's motion to compel is granted.  Defendant's objections lack merit and boilerplate objections are not sufficient.  Plaintiff is entitled to information that may lead him to witnesses.

**RFA 123:**  "Admit or deny on or about March 15, 2008 thru March 16, 2008 6:30 a.m. Plaintiff was fed lunch, dinner and breakfast."

**Response:** Responding party objects to this request on the grounds that it is compound and not a plain statement of fact that can be easily admitted or denied.

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**RFA 125:** "Admit or deny on or about March 15, 2008 thru March 16, 2008, prior to or during this incident Plaintiff at anytime, tried to attack you or your subordinates in any kind of way."

**Reponse:** Responding party objects to this request on the grounds that it is duplicative of a previously propounded request for admission, and is therefore burdensome and oppressive. Without waiving said objections, Plaintiff and several other Southern Hispanic inmates refused to comply with legal orders. Plaintiff was given several orders, and he refused to comply with each order, creating a breach of security. Plaintiff did not physically attack me on those dates. Except as admitted, the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

3.       **Plaintiff's Request for Admissions—Defendant Carter**

**RFA 94:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was peppered sprayed and extracted from yard module YD4 located in front of building 4Right/4Left 4B Yard."

**Response:** Responding party admits that Plaintiff was given several lawful orders to submit to an unclothed body search. It was explained to Plaintiff that if he failed to comply with the lawful orders that pepper spray would be utilized. When Plaintiff repeatedly refused to follow orders, I administered the minimum amount of pepper spray needed to gain his compliance. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

10

**RFA 95**: "Admit or deny on or about March 15, 2008 thru March 17, 2008 Defendant Lieutenant Matthews gave you the command/order to initiate the use of force against Plaintiff, by pepper spraying Plaintiff multiple times while he was secured within yard module YD4-01."

**Response**: Responding party admits that Lieutenant Matthews was one of the commanding officers on the dates in question, and he ordered those under his command to give Plaintiff several lawful orders to submit to an unclothed body search. It was explained to Plaintiff that if he failed to comply with the lawful orders that pepper spray would be utilized. When Plaintiff repeatedly refused to follow orders, I administered the minimum amount of pepper spray needed to gain his compliance.  Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 96**: "Admiit or deny on or about March 15, 2008 thru March 17, 2008 Defendant Lieutenant Matthews was present at the time you initiated the use of force against Plaintiff while he was secured within yard module YD4-01."

**Response:** Responding party admits that Plaintiff was given several lawful orders to submit to an unclothed body search. It was explained to Plaintiff that if he failed to comply with the lawful orders that pepper spray would be utilized. When Plaintiff repeatedly refused to follow orders; I administered the minimum amount of pepper spray needed to gain his compliance. I do not recall if Lieutenant Matthews was present at the exercise module holding Plaintiff when this was happening. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 97:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Defendant Lieutenant Hubach was present at the time you initiated the use of force against Plaintiff while he was secured within yard module YD4-01."

**Response:** Responding party admits that Plaintiff was given several lawful orders to submit to an unclothed body search. It was explained to Plaintiff that ifhe failed to comply with the lawful orders that pepper spray would be utilized. When Plaintiff repeatedly refused to follow orders, I administered the minimum amount of pepper spray needed to gain his compliance. I do not believe that Lieutenant Hubach was present at the exercise module holding Plaintiff when this was happening. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 98**: "Admit or deny on or about March 15, 2008 thru March 17, 2008 Defendant A.O.D. Leon was present at the time you initiated the use of force against Plaintiff, while he was secured within yard module YD4-01."

**Response**: Responding party admits that Plaintiff was given several lawful orders to submit to an unclothed body search. It was explained to Plaintiff that if he failed to comply with the lawful orders that pepper spray would be utilized. When Plaintiff repeatedly refused to follow orders, I administered the minimum amount of pepper spray needed to gain his compliance. I do not believe that OAD Leon was present at the exercise module holding Plaintiff when this was happening. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFAs 105-108:** Plaintiff seeks to compel further responses regarding whether on or about March 15, 2008 to  March 17, 2008 Plaintiff personally asked other prison officials to allow him to submit to the unclothed body search in the housing unit's holding cells.

**Response:** Defendants object to this request on the grounds that it calls for speculation. Without waiving said objections, the requests were denied.

**Ruling:** Plaintiff's motion to compel is denied.  The responses are sufficient sufficient.

**RFA 110:** "Admit or deny in the winter month of March 2008 the temperatures fall to the low 20's thru teens in degree' during nightfall and the wee hours in the morning."

**Response:** Responding party objects to this request on the grounds that it is vague as to day, overly broad, immaterial to the matters at issue, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, and assuming Plaintiff is asking the temperature at CSP-Corcoran for March 15-16, 2008, based on information and belief, the mean temperature for that date was 55 degrees, with a maximum temperature of 62 degrees and a minimum temperature of 42 degrees.

**Ruling:** Plaintiff's request for further admission is denied.  Defendants responded to Plaintiff's requests and he must accept their answers.

**RFA 112:** "Admit or deny on or about March 15, 2008 thru March 17, 2008, after you sprayed Plaintiff multiple times with O.C. pepper spray, he was forced to submit to an unclothed body search outside in yard module YD4-01."

**Response:** Responding party objects to this request on the grounds that it is argumentative, presumes as true facts that have not been established as true, lacks foundation, and is not a plain statement of fact that can be easily admitted or denied. Without waiving said objections, when Plaintiff refused to comply with a lawful order, I administered the minimum amount of pepper spray to gain compliance with that order. Plaintiff then submitted to an unclothed body search. Except as admitted, the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 122:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was decontaminated inside one of the housing unit's showers on March 16, 2008."

13

**Response:** Responding party objects to this request on the grounds that it is immaterial in that Plaintiff had been property decontaminated out on the yard with a hose. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 127:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was observed by you as exhibiting aggressive and/or destructive behavior before and/or prior to being sprayed with O.C. pepper spray."

**Response:** Responding party objects to this request on the grounds that it is duplicative of a previously propounded request .for admission, and therefore is burdensome and oppressive. Without waiving said objections, Plaintiff and several other Southern Hispanic imnates refused to comply with legal orders. Plaintiff was given several orders, and was advised that failure to comply would result in the utlization of pepper spray. Except as admitted, the request is denied,

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 128:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff's medical file was consulted by the on site chief medical officer before he was sprayed with O.C. pepper spray by you."

**Response:** Responding party objects to this request on the grounds that it calls for speculation. Without waiving said objection, responding party has no personal knowledge of the information requested, and on that basis the request is denied.

**Ruling:** Plaintiff's request for further admission is denied.  Defendants responded to Plaintiff's requests and he must accept their answers.

**RFA 130:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 the following prisoners were occupying the adjoining yard modules at the time Plaintiff was sprayed

14

with O.C pepper spray by you: Castenada #K95502 yard module YD4-02; Galindo #T73635 yard module YD4-04; Perez #J51800 yard module YD4-14; Gonzales #J50640 and Gonzales J39297 yard module YD04-15; and Valenzuelal #T43669 and Patino #E75464 yard module YD4-16."

**Response:** Responding party objects to this request on the grounds that it is immaterial to the matters at issue, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and seeks information on other inmates which is deemed privileged under state law.

**Ruling** Plaintiff's motion to compel is granted.  Defendant's objections lack merit and boilerplate objections are not sufficient.  Plaintiff is entitled to information that may lead him to witnesses.

**RFA 132:** "Admit or deny on or about March 15, 2008 thru March 16, 2008 6:30 a.m. Plaintiff was fed lunch, dinner and breakfast."

**Response:** Responding party objects to this request on the grounds that it is compound and not a plain statement of fact that can be easily admitted or denied.

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**RFA 134:** "Admit or deny on or about March 15, 2008 thru March 16, 2008, prior to and during this incident Plaintiff at anytime, tried to attack you or your subordinates in any kind of way."

**Response:** Responding party objects to this request on the grounds that it is duplicative of a previously propounded request .for admission, and therefore is burdensome and oppressive.

Without waiving said objections, Plaintiff and several other Southern Hispanic inmates refused to comply with legal orders. Plaintiff was given several orders, and was advised that failure to comply would result in the utlization of pepper spray. Except as admitted, the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

## 4.      Plaintiff's Request for Admissions—Defendant Hubach

**RFA 102:** "Admit or deny in the winter month of March 2008 the temperatures fall to the low 20's thru teens in degrees in the nite time wee hours in the morning."

**Response:** Responding party objects to this request on the grounds that it is duplicative of a previously propounded request .for admission, and therefore is burdensome and oppressive. Without waiving said objections, Plaintiff and several other Southern Hispanic inmates refused to comply with legal orders. Plaintiff was given several orders, and was advised that failure to comply would result in the utlization of pepper spray. Except as admitted, the request is denied,

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 104**: "Admit or deny that on or about March 15, 2008 thru March 17, 2008 Plaintiff was forced to submit to an unclothed body search in an outside open area in front of spectators, after he had been sprayed multiple times with O.C. pepper spray by Defendants R. Schneider and T. Carter."

**Response**: Responding party objects to this request on the grounds that it is vague as to the term "spectator," is compound, and is not a plain statement of fact that can be easily admitted or denied. On that basis, the request is denied.

**Ruling:** Plaintiff's request for further admission is granted.  The Court finds that this request can easily be admitted or denied and that the term spectator is not vague.  Defendant may qualify his response, if necessary.

16

**RFAs 115-16**: Plaintiff requests admissions regarding his decontamination from the pepper spray on March 16, 2008."

**Response:** Responding party is without sufficient knowledge, information, or belief to form a response to this request, and on that basis the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 117:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 female staff were assigned to building 4Right and 4Left buildings on the 4B yard."

**Response:** Responding party objects to this request on the grounds that it is immaterial to the matters at issue, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and is vague as to time and watch. Without waiving said objections, responding party is without sufficient knowledge, information, or belief to form a response to this request, and on that basis the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 120:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was observed by you as exhibiting aggressive and/or destructive behavior before and/or prior to being sprayed with O.C. pepper spray."

**Response:** Responding party objects to this request on the grounds that it is compound, and is not a plain statement of fact that can be easily admitted or denied. Responding party cannot respond to the request as written.

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

17

**RFA 121**: "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff's medical file was consulted by the on site chief medical officer before he was sprayed with O.C. pepper spray by you."

**Response:** Responding party objects to this request on the grounds that it calls for speculation. Without waiving said objection, responding party has no personal knowledge of the information requested, and on that basis the request is denied.

**Ruling:** Plaintiff's request for further admission is denied.  Defendants responded to Plaintiff's requests and he must accept their answers.

**RFA 124**: "Admit or deny on or about March 15, 2008 thru March 17, 2008 the following prisoners were occupying the adjoining yard modules at the time Plaintiff was sprayed with O.C pepper spray by you: Castenada #K95502 yard module YD4-02; Galindo #T73635 yard module YD4-04; Perez #J51800 yard module YD4-14; Gonzales #J50640 and Gonzales J39297 yard module YD04-15; and Valenzuelal #T43669 and Patino #E75464 yard module YD4-16."

**Response:** Responding party objects to this request on the grounds that it is immaterial to the matters at issue, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and seeks information on other inmates which is deemed privileged under state law.

**Ruling:** Plaintiff's motion to compel is granted.  Defendant's objections lack merit and boilerplate objections are not sufficient.  Plaintiff is entitled to information that may lead him to witnesses.

**RFA 127:** "Admit or deny on or about March 15, 2008 thru March 16, 2008 6:30 a.m. Plaintiff was fed lunch, dinner and breakfast."

18

**Response:** Responding party objects to this request on the grounds that it is compound and not a plain statement of fact that can be easily admitted or denied.

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**RFA 128:** "Admit or deny on or about March 15, 2008 thru March 16, 2008 you oversaw the feeding of Plaintiff andlor delivered the food him yourself. "

**Response:** Responding party objects to this request on the grounds that it is compound and not a plain statement offact that can be easily admitted or denied. Responding party cannot respond to this request as it is framed.

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**4.      Plaintiff's Request for Admissions—Defendant Schneider**

**RFA 94:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was peppered sprayed and extracted from yard module YD4-01 located in front of building 4Right/4Left 4B Yard."

**Response:** Responding party admits that Plaintiff was given several lawful orders to submit to an unclothed body search. It was explained to Plaintiff that if he failed to comply with the lawful orders that pepper spray would be utilized. When Plaintiff repeatedly refused to follow orders, I administered the minimum amount of pepper spray needed to gain his compliance. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 95**: "Admit or deny on or about March 15, 2008 thru March 17, 2008 Defendant Lieutenant Matthews gave you the command/order to initiate the use of force against Plaintiff, by pepper spraying Plaintiff multiple times while he was secured within yard module YD4-01."

**Response**: Responding party admits that Lieutenant Matthews was one of the commanding officers on the dates in question, and he ordered those under his command to give Plaintiff several lawful orders to submit to an unclothed body search. It was explained to Plaintiff that if he failed to comply with the lawful orders that pepper spray would be utilized. When Plaintiff repeatedly refused to follow orders, I administered tbe miinimum amount of pepper spray needed to gain his compliance.  Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 96**: "Admiit or deny on or about March 15, 2008 thru March 17, 2008 Defendant Lieutenant Matthews was present at the time you initiated the use of force against Plaintiff while he was secured within yard module YD4-01 ."

**Response:** Responding party admits that Plaintiff was given several lawful orders to submit to an unclothed body search. It was explained to Plaintiff that if he failed to comply with the lawful orders that pepper spray would be utilized. When Plaintiff repeatedly refused to follow orders; I administered the minimum amount of pepper spray needed to gain his compliance. I do not recall if Lieutenant Matthews was present at the exercise.module holding Plaintiff when this was happening. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 97:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Defendant Lieutenant Hubach was present at the time you initiated the use of force against Plaintiff while he was secured within yard module YD4-01."

20

**Response:** Responding party admits that Plaintiff was given several lawful orders to submit to an unclothed body search. It was explained to Plaintiff that if he failed to comply with the lawful orders that pepper spray would be utilized. When Plaintiff repeatedly refused to follow orders, I administered the minimum amount of pepper spray needed to gain his compliance. I do not believe that Lieutenant Hubach was present at the exercise module holding Plaintiff when this was happening. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 98**: "Admit or deny on or about March 15, 2008 thru March 17, 2008 Defendant A.O.D. Leon was present at the time you initiated the use of force against Plaintiff, while he was secured within yard module YD4-01."

**Response**: Responding party admits that Plaintiff was given several lawful orders to submit to an unclothed body search. It was explained to Plaintiff that if he failed to comply with the lawful orders that pepper spray would be utilized. When Plaintiff repeatedly refused to follow orders, I administered the minimum amount of pepper spray needed to gain his compliance. I do not believe that OAD Leon was present at the exercise module holding Plaintiff when this was happening. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 108**: "Admit or deny on or about the months of Dec. 2008 thru March 2008, the weather for the county of Kings and Corcoran in California range from the low 30's to 50's degrees during the day time."

**Response:** Responding party objects to this request on the grounds that it is immaterial to the matters at issue, is overly broad, vague as to time and specific date, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, and

21

assuming Plaintiff is asking the temperature at CSP-Corcoran for March 15-16, 2008, based on information and belief, the mean temperature for that date was 55 degrees, with a maximum temperature of 62 degrees and a minimum temperature of 42 degrees.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 110:** "Admit or deny in the winter month of March 2008 the temperatures fall to the low 20's thru teens in degree during nightfall and the wee hours in the morning."

**Response:** Responding party objects to this request on the grounds that it is vague as to day, overly broad, immaterial to the matters at issue, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, and assuming Plaintiff is asking the temperature at CSP-Corcoran for March 15-16, 2008, based on information and belief, the mean temperature for that date was 55 degrees, with a maximum temperature of 62 degrees and a minimum temperature of 42 degrees.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 112:** "Admit or deny on or about March 15, 2008 thru March 17, 2008, after you sprayed Plaintiff multiple times with O.C. pepper spray, he was forced to submit to an unclothed body search outside in yard module YD4-01."

**Response:** Responding party objects to this request on the grounds that it is argumentative, presumes as true facts that have noi been established as true, lacks foundation, and is not a plain statement of fact thaI can be easily admitted or denied. Without waiving said objections, when Plaintiff refused to comply with a lawful order, I administered the minimum amount of pepper spray to gain compliance with that order. Plaintiff then submitted to an unclothed body search. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

22

**RFA 115**: "Admit or deny that on or about March 15, 2008 thru March 17, 2008, Plaintiff was released to recreation yard on March 15, 2008 at 12 p.m. and was left out there overnight until the next morning of March 16, 2008 at 6:30 a.m. when you and T. Carter sprayed him with O.C. pepper spray."

**Response:** Responding party admits that Plaintiff was part of a group of inmates who staged a protest by taking the exercise modules hostage. Each of the inmates was given an opportunity to comply with lawful orders. When the inmates refused to comply, extraction teams were assembled and the inmates were removed one by one, Plaintiff was removed from the exercise pod at approximately 0609 hours. Except as admitted the request is denied.

**Ruling:** Plaintiff's request for further admission is denied.  Defendants responded to Plaintiff's requests and he must accept their answers.

**RFA 116**: "Admit or deny Plaintiff was extracted from yard module YD4-01 on or about March 16, 2008 at around 6:30 a.m."

**Response:** Responding party admits that Plaintiff was removed from the exercise pod at approximately 0609 hours. Except as admitted the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 117:** "Admit or deny on or about March 15, 2008 thru March 17, 2008, Corcoran State Prison's S.H.U. yard hours were 8 a.m. to 11 :00 p.m. and 12 p.m. to 3 :00 p.m. Split recreation time which consist of a maximum of 3 hrs for yard session."

**Response:** Responding party objects to this request on the grounds that it is immaterial to the matters at issue, is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence, and on that basis, the request is denied,

23

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**RFA 119:**     "Admit or deny on or about March 15, 2008 thru March 17, 2008 Lt. Hubach ordered the removal of all Plaintiff s personal and state property from his cell."

**Response:** Responding party objects to this request on the grounds that it calls for speculation, is immaterial to the matters at issue, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, responding party has no personal knowledge of the information sought, and on that basis, the request is denied.

**Ruling:** Plaintiff's motion to compel is denied. The response is sufficient.

**RFA 122**: ""Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was decontaminated inside one of the housing unit's showers on March 16, 2008."

**Response:** Responding party objects to this request on the grounds that it is immaterial in that Plaintiff had been property decontaminated out on the yard with a hose. Except as admitted the request is denied.

**Ruling:** Plaintiff's request for further admission is denied.  The response is sufficient.

**RFA 127**: "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was observed by you as exhibiting aggressive and/or destructive behavior before andlor prior to being sprayed with O.C. pepper spray.""

**Response:** Responding party objects to this request on the grounds that it is duplicative of a previously propounded request for admission, and therefore is burdensome and oppressive. Without waiving said objections, Plaintiff and several other Southern Hispanic inmates refused to comply with legal orders. Plaintiff was given several orders, and was advised that failure to comply would result in the utlization of pepper spray. Except as admitted, the request is denied.

24

**Ruling:** Plaintiff's request for further admission is denied.  The response is sufficient.

**RFA 128:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff's medical file was consulted by the on site chief medical officer before he was sprayed with O.C. pepper spray by you."

**Response:** Responding party objects to this request on the grounds that it calls for speculation. Without waiving said objection, responding party has no personal knowledge of the information requested, and on that basis the request is denied.

**Ruling:** Plaintiff's request for further admission is denied.  Defendants responded to Plaintiff's requests and he must accept their answers.

**RFA 130**: "Admit or deny on or about March 15, 2008 thru March 17, 2008 the following prisoners were occupying the adjoining yard modules at the time Plaintiff was sprayed with O.C pepper spray by you: Castenada #K95502 yard module YD4-02; Galindo #T73635 yard module YD4-04; Perez #J51800 yard module YD4-14; Gonzales #J50640 and Gonzales J39297 yard module YD04-15; and Valenzuelal #T43669 and Patino #E75464 yard module YD4-16."

**Response:** Responding party objects to this request on the grounds that it is immaterial to the matters at issue, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and seeks information on other inmates which is deemed privileged under state law.

**Ruling:** Plaintiff's motion to compel is granted.  Defendant's objections lack merit and boilerplate objections are not sufficient.  Plaintiff is entitled to information that may lead him to witnesses.

**RFA 132:** "Admit or deny on or about March 15, 2008 thru March 16, 2008 6:30 a.m. Plaintiff was fed lunch, dinner and breakfast."

**Response:** Responding party objects to this request on the grounds that it is compound and not a plain statement of fact that can be easily admitted or denied.

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**RFA 133:** "Admit or deny on or about March 15, 2008 thru March 16, 2008 you oversaw the feeding of Plaintiff and/or delivered the food him yourself."

**Response:** Responding party objects to this request on the grounds that it is compound and not a plain statement offact that can be easily admitted or denied. Responding party cannot respond to this request as it is framed.

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**RFA 134:** "Admit or deny on or about March 15, 2008 thru March 16, 2008, prior to at during this incident Plaintiff at anytime, tried to attack you or your subordinates in any kind of way."

**Response:** Responding party objects to this request on the grounds that it is duplicative of a previously propounded request .for admission, and therefore is burdensome and oppressive. Without waiving said objections, Plaintiff and several other Southern Hispanic imnates refused to comply with legal orders. Plaintiff was given several orders, and he refused to comply with each order, creating a breach of security. Plaintiff did not physically attack me on those dates. Except as admitted, the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

26

**4.      Plaintiff's Request for Admissions—Defendant Matthews**

**RFA 102:** "Admit or deny in the winter month of March 2008 the temperatures fall to the low 20's thru teens in degree during nightfall and the wee hours in the morning."

**Response:** Responding party objects to this request on the grounds that it is vague as to day, overly broad, immaterial to the matters at issue, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, and assuming Plaintiff is asking the temperature at CSP-Corcoran for March 15-16, 2008, based on information and belief, the mean temperature for that date was 55 degrees, with a maximum temperature of 62 degrees and a minimum temperature of 42 degrees.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 112:** "Admit or deny that on or about March 15, 2008 thru March 17, 2008 Plaintiff was forced to submit to an unclothed body search in an outside open area in front of spectators, after he had been sprayed multiple times with O.C. pepper spray by Defendants R Schneider and T. Carter."

**Response:** Responding party objects to this request on the grounds that it is vague as to the term "spectator," is compound, and is not a plain statement offact that can be easily admitted or denied. On that basis, the request is denied.

**Ruling:** Plaintiff's request for further admission is granted.  The Court finds that this request can easily be admitted or denied and that the term spectator is not vague.  Defendant may qualify his response, if necessary.

**RFA 115**: "Admit or deny that on or about March 15, 2008 thru March 17, 2008 Plaintiff was not decontaminated in the units shower on March 16, 2008."

27

**Response:** Responding party is without sufficient knowledge, information, or belief to form a response to this request, and on that basis the request is denied,

**Ruling:** Plaintiff's request for further admission is denied.

**RFA 116**: "Admit or deny that on or about March 15, 2008 thru March 17, 2008 after Plaintiff was decontaminated with the water hose he was immediately returned to his assigned cell, which was stripped bare of all/any personal & State items."

**Response:** Responding party is without sufficient knowledge, information, or belief to form a response to this request, and on that basis the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.

**RFA 117:** ""Admit or deny on or about March 15, 2008 thru March 17, 2008 female staff were assigned to building 4Right and 4Left buildings on the 4B yard."

**Response:** Responding party objects to this request on the grounds that it is immaterial to the matters at issue, is irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence, and on that basis, the request is denied,

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**RFA 120:** "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff was behaving or exhibiting aggressive or destructive behavior before or prior to you ordering him to be pepper sprayed by Defendants T. Carter and R. Schnieder."

**Response:** Responding party objects to this request on the grounds that it is compound, and is not a plain statement of fact that can be easily admitted or denied. Responding party cannot respond to the request as written.

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**RFA 121**: "Admit or deny on or about March 15, 2008 thru March 17, 2008 Plaintiff's medical file was consulted by the on site chief medical officer before he was sprayed with O.C. pepper spray."

**Response:** Responding party is is without sufficient knowledge, information, or belief to form a response to this request, and on that basis the request is denied.

**Ruling:** Plaintiff's request for further admission is denied.  The response is sufficient.

**RFA 124**: "Admit or deny on or about March 15, 2008 thru March 17, 2008 the following prisoners were occupying the adjoining yard modules at the time Plaintiff was sprayed with O.C pepper spray by you: Castenada #K95502 yard module YD4-02; Galindo #T73635 yard module YD4-04; Perez #J51800 yard module YD4-14; Gonzales #J50640 and Gonzales J39297 yard module YD04-15; and Valenzuelal #T43669 and Patino #E75464 yard module YD4-16."

**Response:** Responding party objects to this request on the grounds that it is immaterial to the matters at issue, is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and seeks information on other inmates which is deemed privileged under state law.

**Ruling:** Plaintiff's motion to compel is granted.  Defendant's objections lack merit and boilerplate objections are not sufficient.  Plaintiff is entitled to information that may lead him to witnesses.

**RFA 127:** "Admit or deny on or about March 15, 2008 thru March 16, 2008 6:30 a.m. Plaintiff was fed lunch, dinner and breakfast."

**Response:** Responding party objects to this request on the grounds that it is compound and not a plain statement of fact that can be easily admitted or denied.

29

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**RFA 128:** "Admit or deny on or about March 15, 2008 thru March 16, 2008 you oversaw the feeding of Plaintiff andlor delivered the food him yourself. "

**Response:** Responding party objects to this request on the grounds that it is compound and not a plain statement offact that can be easily admitted or denied. Responding party cannot respond to this request as it is framed.

**Ruling:** Plaintiff's motion to compel is granted.  Defendants may qualify their answer, if necessary, and deny or admit only part of the response.  Fed. R. Civ. P. 36(a)(4).

**RFA 129:** "Admit or deny on or about March 15, 2008 thru March 16, 2008, prior to at during this incident Plaintiff at anytime, tried to attack you or your subordinates in any kind of way."

**Response:** Responding party objects to this request on the grounds that it is duplicative of a previously propounded request .for admission, and therefore is burdensome and oppressive. Without waiving said objections, Plaintiff and several other Southern Hispanic imnates refused to comply with legal orders. Plaintiff was given several orders, and he refused to comply with each order, creating a breach of security. Plaintiff did not physically attack me on those dates. Except as admitted, the request is denied.

**Ruling:** Plaintiff's motion to compel is denied.  The response is sufficient.

**B.**     <u>**Sanctions**</u>

Plaintiff seeks sanctions for his motions to compel under Federal Rule of Civil Procedure 37. Rule 37(a)(4) permits plaintiff to seek an award of reasonable expenses incurred in filing his motion, if his motion is granted in whole or in part, or if the discovery sought is served after the

motion is filed. Fed. R. Civ. P. 37(a)(4). The court may decline to award such expenses where the movant failed to make a good faith effort to resolve the dispute without court intervention, where the opposing party's position was substantially justified, or where other circumstances make the award unjust. *Id.* Rule 37(d) permits plaintiff to seek sanctions for the complete failure to respond to interrogatories and requests for the production of documents. Fed. R. Civ. P. 37(d). Such a motion must be accompanied by a certification that the movant made a good faith effort to resolve the dispute without court intervention. *Id.*

With respect to Rule 37(a)(4), plaintiff's motion to compel was granted in part but it was also denied in part. As a result, and given that plaintiff is proceeding pro se, the expenses incurred by defendants in opposing the motion undoubtably outweigh the expenses incurred by plaintiff in filing the motions to compel. Accordingly, the Court denies Plaintiff's motions for sanctions.

## V.   CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's motion to compel further responses to requests for admissions, filed March 28, 2013, is granted in part and denied in part as follows:

   a.   Defendant Leon's RFAs  95-96, 100, 103, 105, 107, 109, 112, 113-14, 118, 125, Set 2, are DENIED and RFAs 104, 117, 120, 123, Set 2, are GRANTED;

   b.   Defendant Carter's RFAs 94-98, 105-108, 110, 112, 122, 127-28, 134, Set 2, are DENIED and RFAs 130 and 132, Set 2, are GRANTED;

   c.   Defendant Hubach's RFAs 102, 115-17, and 121, Set 2, are DENIED and RFAs 104, 120, 124, and 127-28, Set 2, are GRANTED;

   d.   Defendant Schneider's RFAs 94-98, 108, 110, 112, 115-16, 119, 122, 127-28, and 134, Set 2, are DENIED and RFAs 117, 130, and 132-33, Set 2, are GRANTED;

e.      Defendant Matthews' RFAs 102, 115-17, 121, and 129, Set 2, are DENIED and RFAs 112, 120, 124, and 127-28, Set 2, are GRANTED;

2.      Defendants shall respond further to the RFAs within thirty (30) days from service of this order; and

3.      Plaintiff's motions for sanctions under Federal Rule of Civil Procedure 37 is DENIED.


IT IS SO ORDERED.

Dated:   **April 1, 2014**                            /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE